STATE of Missouri, Respondent,

v.

Elvin THOMAS, Appellant.

No. 52153.

Missouri Court of Appeals,
Eastern District,
Division One.

March 1, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for second degree robbery, § 569.030, RSMo 1986, for which defendant was sentenced, as a prior and persistent offender, to a term of twenty years' imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence. In his only point relied on, defendant states the prosecutor used racial discrimination in striking all the black persons who could have sat on the jury in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ Since the defendant was a member of a cognizable racial group and the prosecutor used his peremptory challenges to strike four black venirepersons from the jury panel and one from the alternate pool, the issue became whether the prosecutor articulated a neutral explanation. *Batson*, 106 S.Ct. at 1723. At a hearing following jury selection, the trial court denied a motion in which defendant alleged the prosecutor's jury strikes were "an attempt to eliminate black members of the panel." In denying the motion the court found no racial discrimination. This was a finding of fact and to reverse we must find it was clearly erroneous. *State v. Antwine*, 743 S.W.2d 51, 66 (Mo. banc 1987).

Venireperson John Tobias was equivocal about his ability to pass judgment on defendant. He first said during voir dire that "[t]he Bible says you shouldn't judge" During defendant's voir dire examination Mr. Tobias did indicate he could make a "factual determination." The State's request that Mr. Tobias be struck from the panel for cause was denied when Mr. Tobias told the court he could be impartial and fair. Although the court did not strike Mr. Tobias for cause, his responses during voir dire were sufficient to provide a neutral explanation for a peremptory challenge.

Venireperson Geraldine Walker had a son who had been acquitted on a charge of robbery one month before this trial. She stated the episode was upsetting to her. This was a sufficient objective reason for the prosecutor to strike her. In explaining the strike the prosecutor bolstered his decision with his impression that Ms. Walker "felt some bitterness towards the State concerning the charges [and] felt the system treated her son unfairly." Defendant argues Ms. Walker never said she was bitter or that she thought her son was treated unfairly. The prosecutor could have become convinced about her attitude by her demeanor, choice of words, and verbal inflections.

Venireperson Kevin Taylor stated during voir dire that five years earlier he had expended $3,000 in legal fees to defend against charges of assault and resisting arrest. The charges arose out of an attempt to wrongfully serve a summons on Mr. Taylor. This was a sufficient objective reason for the prosecutor to strike him. In explaining why he struck Mr. Taylor the prosecutor stated "He [Mr. Taylor] thought the charges were unfair." Defendant argues Mr. Taylor never said that. The prosecutor could have interpreted Mr. Taylor's demeanor and responses as he did.

The trial court observed venirepersons Walker and Taylor during voir dire and was in a position to judge their demeanor and the prosecutor's interpretation of their responses. *Antwine*, at 66. The record does not demonstrate the interpretation was erroneous.

The final two black venirepersons struck by the State were Willie Walker and, from the alternate pool, Pauline Tolen. The prosecutor stated that he observed Mr. Walker during voir dire and he was laughing, slouching, smirking, joking and sleeping at times. In the prosecutor's opinion "[h]e had no interest in participating" in the trial. The prosecutor observed Ms. Tolen had her eyes shut and appeared to be sleeping during a large part of the voir dire. Whether Mr. Walker and Ms. Tolen were paying attention is a matter for subjective interpretation by the trial court. The trial judge was there and could deter-

mine on the spot whether or not this was true.

■ The neutral explanations the prosecutor gave for striking these five members of the jury sufficiently rebutted the presumption raised by their race. Defendant presented no evidence these explanations were pretextual, including no indication whites with similar characteristics were not struck by the prosecutor. Under the mandates of *Baison* and *Antwine*, the trial court's finding of no purposeful discrimination was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.